IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **RICHARD MCMANN** | § |
| | § |
| V. | § CIVIL NO. 1:12-CV-909 |
| | § |
| **GREYSTAR MGMT. SRVCS, LP** | § |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE JUDGE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion for Summary Judgment and Brief in Support (Dkt. No. 21); Defendant's Appendix in Support of its Motion for Summary Judgment (Dkt. No. 22); Plaintiff's Response to Defendant's Motion for Summary Judgment (Dkt. No. 23); Defendants' Reply Brief (Dkt. No. 25); and Plaintiff's Response to Defendant's Objections to Portions of Plaintiff's Summary Judgment Response Evidence (Dkt. No. 26). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.   FACTUAL BACKGROUND**

Plaintiff Richard McMann ("McMann") filed the instant lawsuit in the 419th Judicial District Court for Travis County, Texas on August 21, 2012. In his Complaint, McMann alleges that Greystar discriminated against him on the basis of his age and Greystar's perception that he had a disability in violation of Chapter 21 of the Texas Commission on Human Rights Act, TEX. LAB. CODE ANN. § 21,001, *et seq*. (2006). Defendant Greystar timely removed Plaintiff's claims to federal court based on diversity jurisdiction.   Greystar has now moved for Summary Judgment.

McMann is a 63-year-old man who was hired by Defendant in 2004 to be an Assistant Maintenance Technician at the Riverton at Davis Springs apartment complex. Plaintiff's Ex. 1 at 40:19-41:12. He was promoted to the position of Service Supervisor in or about 2006. Plaintiff's Ex. 1 at 41:17-25. McMann suffered a heart attack on August 10, 2011. Plaintiff's Ex. 1 at 31:3-9; Plaintiff's Ex. 4 at 11:3-5; 20:6-20. At the time, he was employed by Defendant Greystar Management Services, LP ("Greystar") under the management of Robert Leissner ("Leissner"). Ex. 5 at 57:16-58:14. McMann returned to work after approximately two to three weeks. Plaintiff's Ex. 1 at 31:14-32:5. McMann alleges that after his return Leissner and other employees repeatedly referred to him as "old man." Plaintiff's Ex. 1 at 50:10-23; 51:13-22. McMann also alleges that Leissner yelled at him, "Okay, old man, and don't give me this Alzheimer's bull shit" and that Leissner and the assistant manager, Nick Forte, made other comments regarding Alzheimer's to or about McMann. Plaintiff's Ex. 1 at 54:4-18; 52:18-53:3; 96:25-97:25. On October 15, 2011, McMann noticed that a trash cart had apparently been stolen from the Riverton at Davis Springs apartment complex. Plaintiff's Ex. 1 at 70:1-4. McMann met with Leissner the following Tuesday to discuss the missing trash cart. Plaintiff's Ex. 1 at 74:10-13. Katya Watson, the regional property manager, also attended the meeting. Plaintiff's Ex. 1 at 75:18-19. At the end of the meeting, McMann resigned. Plaintiff's Ex. 1 at 76:5-11; 77:12-25; Plaintiff's Ex. 5 at 122:17-23.

## II.  ANALYSIS

### A.  Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp.*

v. *Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Moreover, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Greystar moves for summary judgment on the following grounds: (1) McMann cannot demonstrate a prima facie case of discrimination because: (a) he did not suffer an adverse employment action; (b) he is not disabled and there is no evidence that Greystar perceived him as disabled; and (c) he was not replaced by someone outside the protected age class; and (2) even if he can show a prima facie case of discrimination, Greystar had a legitimate non-discriminatory reason for any actions it took during McMann's employment.

**B.     Prima Facie Case of Discrimination**

Under the analysis established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, (1973), to survive summary judgment, the "plaintiff . . . must put forth a prima facie case [of discrimination], at which point the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the employment decision." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (quoting *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007)). "If the employer articulates a legitimate, non-discriminatory reason for the employment decision, the

3

plaintiff must then be afforded an opportunity to rebut the employer's purported explanation, to show that the reason given is merely pretextual." *Id.; Chambers v. Sodexo, Inc.*, 510 Fed. Appx. 336 (5th Cir. 2013) (stating that to avoid summary judgment, the employee must raise a genuine dispute of material fact as to whether the employer's stated reason was merely a pretext for discrimination). The ultimate burden of proving discrimination, however, remains with the plaintiff. *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)).

### 1. Age Discrimination Claim

Under the TCHRA, an employer commits "an unlawful employment practice" if because of "age the employer fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." TEX. LAB. CODE ANN. § 21.051 (2006). "Claims of age discrimination under the ADEA and the Texas Commission on Human Rights Act are analyzed under the same analytical framework—the one announced in *McDonnell Douglas Corp. v. Green*." *Evans v. City of Houston, Tex.*, 246 F.3d 344, 348 (5th Cir. 2001). To make out a prima facie age discrimination claim, McMann must show that he: (1) suffered an adverse employment action; (2) was qualified for the position; (3) was within the protected class when the adverse action occurred; and, (4) was replaced by someone younger or outside the protected class, treated less favorably than a similarly situated younger employee, or otherwise discharged because of his age. *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003) (citing *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002).

Greystar argues that summary judgment is proper on this claim because McMann resigned voluntarily and his resignation does not qualify as an "adverse employment action." "[A]n adverse employment action consists of 'ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating.'" *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004) (emphasis in original) (quoting *Felton v. Polles*, 315 F.3d 470, 486 (5th Cir. 2002)). "[I]t is beyond dispute that a termination constitutes an adverse action." *Id.* at 283 (citations omitted).

Although he concedes that he resigned, McMann contends that he was forced to do so, and thus that he was constructively discharged, which qualifies as an "adverse employment action." Where an employee resigns, he may satisfy the discharge requirement by proving constructive discharge. *Faruki v. Parsons S.I.P., Inc.*, 123 F.3d 315, 319 (5th Cir. 1997) (citing *Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994)). Constructive discharge generally occurs when an "employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." *Jurgens v. E.E.O.C.*, 903 F.3d 386, 390 (5th Cir. 1990). The Fifth Circuit has recognized that a plaintiff may prove constructive discharge by demonstrating that he was forced to choose between resignation and termination. *Faruki,* 123 F.3d at 318 (holding that a genuine issue of material fact regarding an employee's constructive discharge was present where supervisor told employee that he should find another job because the employer would be unable to retain him, and that he had one week before he would be placed on indefinite unpaid leave) (citing *Burks v. Oklahoma Pub. Co.*, 81 F.3d 975, 978 (10th Cir. 1996) (recognizing that an employee can prove constructive discharge by showing that she faced choice between resigning or being fired)).

McMann testified in his deposition that Watson told him that he had an option of turning in his two weeks notice or being terminated immediately. Plaintiff's Ex. 1 at 77:12-25. McMann further alleges that Watson told him that if he was terminated he would never be able to work at a property owned by Greystar again. *Id.* McMann asserts that he resigned even though he did not want to because he felt compelled to do so. Plaintiff's Ex. 1 at 76:24-25. Additionally, in a sworn statement, Gregg Williams states that Leissner told him the missing trash cart had been the reason for McMann's termination. Plaintiff's Ex. 7 at ¶5.[1]

The factual dispute between McMann's account of the circumstances surrounding his resignation and the accounts offered by Watson and Leissner are enough to demonstrate a genuine dispute of material fact, making summary judgment inappropriate. *See Mendoza v. City of Palacios*, 2013 WL 3148667 (S.D. Tex. 2013) (noting that the supervisor and employee's conflicting accounts of the events that led to the employee's resignation constituted a factual dispute that alone may be enough to get past summary judgment). On similar facts to the situation before the Court, this Court held that a fact issue existed sufficient to overcome summary judgment where an employee alleged that she was given a choice between resignation and termination. *Denner v. Tex. Dep't of Crim. Justice*, 2006 WL 496014 (W.D. Tex. 2006). Here, McMann testifies that he was told he would be terminated unless he resigned. Thus, there is a triable fact question regarding whether McMann suffered an adverse employment action, and summary judgment is not appropriate on this basis.

---

[1]Greystar contends Williams' statements are inadmissible hearsay under Federal Rules of Evidence 802 and 803. Greystar objects specifically to the statement allegedly made by Leissner that he "[did not] want the trash cart back, that was the reason that Richard was fired." *See id.* This statement is admissible as it is the statement of a party opponent. FED. R. EVID. 801(d)(2)(D). Leissner is a management employee of Greystar and was McMann's supervisor.

As part of his prima facie case, the plaintiff must also provide evidence allowing a reasonable jury to conclude that he was replaced by someone outside the protected class, someone younger, or was otherwise discharged because of age. To establish a claim under the ADEA, the age difference must be "significant." *O'Connor v. Consol. Coin*, 517 U.S. 308, 313 (1996) (holding that merely being replaced by someone outside the protected class is not sufficient to establish a prima facie case; rather, an employee demonstrates an inference of age discrimination when he is replaced by an employee "significantly" younger). There is no real question on this point. McMann, a 63-year old, asserts that he was replaced by someone significantly younger. Leissner admits that McMann was replaced by a younger man he believed to be in his thirties, who Leissner recommended for the position. Plantiff's Ex. 2 at 69:3-22. McMann has provided sufficient evidence to allow a reasonable jury to conclude that he has satisfied this prong of the prima facie case.

### 2.     Disability Discrimination Claim[2]

To establish a prima facie case of disability discrimination under the TCHRA, a plaintiff must establish that "(1) [sh]e is disabled or is regarded as disabled; (2)[s]he is qualified for the job; (3)[s]he was subjected to an adverse employment action on account of h[er] disability; and (4)[s]he was replaced by or treated less favorably than non-disabled employees." *Miles–Hickman v. David Powers Homes, Inc.*, 589 F.Supp.2d 849, 858 (S.D. Tex. 2008) (citing *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 511 (5th Cir. 2003)) (alterations in original); *Aldrup v. Caldera*, 274 F.3d

---

[2] As with age claims, disability discrimination claims under the TCHRA are analyzed using the same standards applied to federal ADA claims. *See, e.g., Rodriguez v. ConAgra Grocery Prods. Co.*, 436 F.3d 468, 473–74 (5th Cir. 2006) (applying federal court ADA precedent to a TCHRA claim).

282, 286 (5th Cir. 2001). Greystar argues that McMann does not have an actual disability and was not "regarded as" disabled.[3]

The statutory definition of "disability" includes "being regarded as having [a physical or mental impairment that substantially limits one or more of the major life activities]." *Bridges v. City of Bossier*, 92 F.3d 329, 332 (5th Cir. 1996); *see* 42 U.S.C. § 12102(2)(C). One is "regarded as" having a substantially limiting impairment if the individual (1) has an impairment which is not substantially limiting but which the employer perceives as constituting a substantially limiting impairment; (2) has an impairment which is substantially limiting only because of the attitudes of others toward such an impairment; or (3) has no impairment at all but is regarded by the employer as having a substantially limiting impairment. *Id*. *See also Rodriguez*, 436 F.3d at 475. McMann alleges that because of his heart attack, Greystar regarded him as having a physical impairment that substantially limited him in the major life activity of working. As evidence to support this, McMann points to statements of his co-workers. Leissner's alleged warning to McMann not to die in someone's apartment may enable a reasonable jury to find that Leisnner regarding McMann as having an impairment, namely heart disease, which substantially limits him in the major life activity of working. Leissner and Forte's alleged comments regarding Alzheimer's additionally provide evidence which may demonstrate that Greystar perceived McMann to have Alzheimers disease, an impairment which would substantially limit him in the major life activity of working.

Greystar argues that an employer cannot be found to regard an employee as disabled when the employer returns that employee to work after an illness. *Gowesky v. Singing River Hosp. Sys.*,

---

[3]In addressing the age discrimination claim, the Court concluded that McMann demonstrated a fact question regarding whether he suffered an adverse employment action when he resigned, and thus the Court will not repeat that discussion again here.

321 F.3d 503, 508 (5th Cir. 2003).  However, that case involves an emergency room physician who, although scheduled to work, never returned to work.  Further, the question is not what Greystar thought when it returned McMann to work, but what it (and its managers) believed when, three months later, they forced McMann to resign.  McMann alleges that upon his return his supervisor told him he was afraid he might die in someone's apartment.  Defendant's Ex. A at 47:22-48:48.  This is sufficient to create a fact question about whether Greystar regarded McMann as disabled, and McMann has made out a prima facie case for disability discrimination under the TCHRA.

### B. Legitimate Non-Discriminatory Reason and Pretext

Greystar may still obtain summary judgment if it proves that it had a legitimate non-discriminatory reason for McMann's discharge.  *Reeves*, 530 U.S. at 142.  If Greystar provides such a reason, then McMann must raise a genuine dispute of material fact as to whether Greystar's stated reason was merely a pretext for discrimination.  *Chambers*, 510 Fed. Appx. 336, 2013 WL 408042.  Greystar contends that McMann voluntarily resigned, but argues alternatively that if it did discharge McMann, that discharge was proper based on McMann's failure to secure a trash trailer that was ultimately stolen, as well as his other prior disciplinary actions.

Taking this proffered reason at face value, to survive summary judgment, McMann must offer evidence that Greystar's purported reason for terminating him was actually a pretext for age and disability discrimination.  To show pretext, a plaintiff "must affirmatively show that the employer's proffered reason is unworthy of credence." *Grimes v. Wal–Mart Stores Texas, L.L.C.*, 505 F. App'x 376, 380 (5th Cir. 2013). "Evidence that the proffered reason is unworthy of credence must be enough to support a reasonable inference that the proffered reason is false; a mere shadow of doubt is insufficient." *Bauer v. Albemarle Corp.*, 169 F.3d 962, 967 (5th Cir.1999).  McMann has

carried his burden of demonstrating a fact question on pretext. He notes that in Leissner's deposition Leissner stated that McMann's prior offenses and failure to secure the trash trailer would not justify his termination. Plaintiff's Ex. 2 at 62:8-14; 47:10-14; 50:15-18; 53:23-54:1. He also points to the deposition of Katya Watson, the regional property manager, who stated that McMann's failure to secure the cart and prior offenses were not grounds for termination. Plaintiff's Ex. 5 at 84:14-85:8; 107:15-108:7. Accordingly, McMann has raised a genuine issue of material fact as to whether Greystar's proffered reason for termination was pretextual. *See Thurman v. Yellow Freight Sys. Inc.*, 90 F.3d 1160, 1167 (6th Cir. 1996) ("An employer's changing rationale for making an adverse employment decision can be evidence of pretext.").

Taken together with Leisnner's alleged warning that McMann not "die in someone's apartment," Plaintiff's Ex. 1 at 98:8-22, Leissner's references to McMann's Alzheimer's, Plaintiff's Ex. 1 at 108:4-16; Ex. 1 at 96:25-97:25, assistant manager Nick Forte's statement that McMann was "getting the first stages of Alzheimer's," Plaintiff's Ex. 1 at 52:18-53:3, and the continuous references to McMann as "old man," Plaintiff's Ex. 1 at 50:10-23; 51:13-22; 105:19-106:8; Plaintiff's Ex. 9 at ¶ 5, the evidence of pretext is sufficient to defeat Greystar's summary judgment motion. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 313 (5th Cir. 2004) (supervisor's repeated ageist comments towards an employee, such as suggesting that the employee's absence from a meeting was due to the fact that "he's probably in bed or he's sleeping by [now] because of his age," is evidence of age discrimination).

### III. RECOMMENDATION

Based on the foregoing, the Magistrate Court RECOMMENDS that the District Court DENY Defendant's Motion for Summary Judgment (Dkt. No. 21) in its entirety.

## VI. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of December, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE